## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>**ECONOMY HARDWARE, INC.,**<br><br>Debtor. | **Chapter 11**<br>**Case No. 10-14294-FJB** |

### INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND SCHEDULING A HEARING ON THE DEBTOR'S REQUEST FOR A FINAL ORDER

Economy Hardware, Inc. (the "Debtor"), having filed an Emergency Motion for Authorization to Use Cash Collateral or in the Alternative for Approval of a Stipulation Providing for the Restricted Use of Cash Collateral Until June 30, 2010 (the "Motion"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Motion having been provided to the Office of the United States Trustee for the District of Massachusetts, the Debtor's pre-petition secured lender, the 20 largest unsecured creditors of the Debtor, and any other party who has requested notice; and it appearing that no further notice need be provided; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all parties in interest, and is necessary to fund the Debtor's business operations, maintain its asset values and avoid immediate and irreparable harm to the bankruptcy estate pending a final hearing; and upon the Motion and all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore,

{Practice Areas\CORP\22394\00001\A1598291.DOC}

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Motion is ALLOWED on an interim basis.

2. The Debtor may use cash collateral in the ordinary court of its business, in the amounts and for the purposes set forth in the budget attached hereto as <u>Exhibit A</u>, commencing on April 21, 2010 to and including May 19, 2010.

3. As adequate protection for the Debtor's use of Cash Collateral:

    a) TD Bank (the "Bank") is hereby granted a "replacement lien" pursuant to and in accordance with 11 U.S.C. §361(2), in and to all property of the kind presently securing the Debtor's obligations to the Bank, but only to the extent of the validity, perfection, priority, sufficiency and enforceability of the Bank's pre-petition security interests and not more than any post-petition diminution of the value of the Bank's interest in such property. Said lien will specifically not extend to any post-petition avoidance recoveries.

    b) The Debtor will make adequate protection payments to the Bank as budgeted on the attached <u>Exhibit A</u>, in the aggregate amount of $6,690 per month.

    c) The Debtor will continue to insure all assets of the Debtor and to name the Bank as loss payee consistent with any pre-petition practice, and the Debtor will not diminish the position of the Bank.

    d) The Debtor will continue to maintain its assets.

    e) The Debtor will supply the Bank with all of the operating statements filed with the United States Trustee, the financial reports set forth in the Motion, and such other financial information as reasonably requested by the Bank.

    f) The Bank shall be entitled to conduct a field examination with respect to the assets, books and records of the Debtor, to be scheduled at a mutually convenient time. The Debtor shall cooperate with the Bank and the Bank's agents in connection with such examination.

    g) The Bank has reserved its rights to raise any objections to the Debtor's use of cash collateral, except as specifically set forth herein.

4. A final hearing on the Motion is scheduled for May 19, 2010 at 2pm ~~11:00~~ in Boston, Massachusetts. The Debtor is directed to provide notice of the final hearing.

_____
Honorable Frank J. Bailey
United States Bankruptcy Judge

Dated: April 28, 2010